IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAIMLER TRUST,

                Plaintiff,                    22cv1082
                                                  ELECTRONICALLY FILED

                v.

CHING KUI WENG,

                Defendant.

**<u>MEMORANDUM OPINION</u>**

Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint filed in accordance with Fed.RCiv.P. 12(b)(6) asking this Court to dismiss the complaint because all the claims set forth in the Complaint are time-barred. ECF 13 (motion) and ECF 14 (brief in support).  As an alternative to a complete dismissal of the lawsuit brought by Plaintiff (hereinafter "Daimler"), Defendant (hereinafter "Weng") argues that Count Five of Daimler's Complaint fails to state a cause of action for tortious interference of a contractual relationship, and therefore, should be dismissed.  Finally, Weng's motion also alternatively asks this Court to strike Daimler's request for punitive damages in Counts Two, Three and Five.

Daimler responded to Weng's motion and brief in support by filing a memorandum of law in opposition to the motion to dismiss contending that its claims were not time-barred due primarily to the tolling of the statute of limitations for each of the claims asserted.  ECF 17. Secondarily, Daimler claimed its tortious interference claim set forth in Count Five was properly asserted and that it is entitled to punitive damages.  Weng filed a Reply Brief.  ECF 18.

The matter is now ripe for adjudication, and for the reasons that follow the Court will GRANT IN PART AND DENY IN PART Weng's motion.

## I. RELEVANT BACKGROUND

The Court considers the following facts as true for purposes of deciding Weng's motion to dismiss.  All of the facts referenced below are taken directly from Daimler's Complaint (ECF 1) filed in the instant matter, unless otherwise noted.

In 2014, Wilson Chandler (a non-party to this lawsuit) leased a vehicle worth over $100,000.00 from Benzel-Busch Motor Car Corp.  ¶ 6-8.  The lease was assigned to and financed by Daimler.[1]  Id.

Chandler did not purchase the vehicle from Daimler, nor did Chandler return the vehicle to Daimler and pay Daimler all amounts he owed under the Lease. ¶ 10.  Instead, Chandler relinquished possession of the Vehicle to Dancy Auto Group, a non-party dealership operated by Tyrone Hill.  ¶11.

Dancy Auto Group sold the vehicle to Defendant Weng. ¶ 13. Dancy Auto Group and/or Defendant Weng submitted various false documents to the New York Motor Vehicle Commission, or the similar agency of another state to obtain a document of title to the Vehicle. ¶ 14.

Defendant Weng's possession of the vehicle was raised in the prosecution of Tyrone Hill for mail fraud, in the Eastern District of New York. ¶ 15.  As a result of the successful

---

[1] The lease agreement between Chandler and Benzel-Busch was attached as an exhibit to a Complaint filed in the United States District Court for the District of New Jersey at docket number 2:19-cv-15716, at docket entry no. 1, p. 14, in *Mercedes-Benz Financial Services, USA LLC, in its capacity as servicer for Daimler Trust v. Wilson J. Chandler.*  The lease agreement indicates on its face, that the date of the lease is "11/19/2014' and the scheduled "lease end" date was "11/19/2017." Id.

In the instant matter, this District of New Jersey-based civil lawsuit is referenced the Complaint. Daimler here, also alleges that at the lease end, Chandler had the option to buy or return the vehicle to Daimler. See ECF 1, ¶ 9, ¶ 19. Given these references to the lease document which was the subject of the District of New Jersey-based civil lawsuit, this Court may consider the lease – or at the very least, the lease end date -- for purposes of deciding the instant motion to dismiss. See *Sands* and *Pryor,* infra.

prosecution of Tyrone Hill, the District Court, in its Judgment, ordered Hill to pay restitution in the amount of $123,434.78 to "John Doe #2."  ¶ 16 and ECF 6.  "John Doe #2" is in fact Defendant Weng as evidenced by the testimony and documents surrounding the [New York District Court] criminal case. [2]  ¶ 17.

Daimler was not notified of any "sale" or "transfer" of the vehicle, nor did Daimler consent in any such "sale" or "transfer" of their vehicle. ¶ 12.  Daimler avers that Weng "has been made whole" for any damages he suffered due to Hill's criminal conduct. ¶18.  Daimler has not been able to recover its vehicle, and claims it has not otherwise been made whole. ¶19.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted."  Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

---

[2] In *United States of America v. Tyrone Hill*, the United States Attorney for the Eastern District of New York prosecuted Hill on a two-count indictment for mail fraud. See, case number 2:17-cr-0149-01, filed in the United States District Court for the Eastern District of New York.  A copy of the Judgment in that case was supposed to be attached to the complaint in the instant matter, but instead, was filed ECF 6.  As such, this Court may consider the Judgment from the Eastern District of New York for purposes of deciding the instant Motion to Dismiss.  See *Sands,* infra.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While

legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

When considering a Motion to Dismiss, this Court is permitted to rely upon the complaint, any attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). This Court may also consider "undisputedly authentic document[s] that [D]efendant attaches as an exhibit to a motion to dismiss if [P]laintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

The Court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only

on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. ANALYSIS

### A. The Statute of Limitations Argument

Weng argues that every claim raised by Daimler is barred by the statute of limitations. ECF 14, p. 3-15.  Daimler counters that none of its claims are barred because for each claim the statute of limitations should be equitably tolled. ECF 17, p. 5-17.  In response, Weng claims that equitable tolling of the statute of limitations does not and cannot apply. ECF 18, p. 4-13.

Although Weng makes valid arguments concerning the statute of limitation for each of the claims brought against him, there is not evidence of record (yet) for this Court to state definitely that every claim is barred by the statute of limitations and that the statute(s) should not be tolled.

### 1. Law Governing Dismissal Predicated on Statute of Limitations

This Court begins it analysis by discussing whether the statute of limitations is a proper ground upon which to dismiss a complaint.

The United States Court of Appeals for the Third Circuit has indicated that motions to dismiss under Rule 12(b)(6) are generally disfavored when they are based on statute of limitations arguments because "the applicability of the statute of limitations often involves questions of fact for the jury." *Jodek Charitable Trust, R.A. v. Vertical Net Inc*., 412 F. Supp. 2d 469, 474 (E.D. Pa. 2006) (*citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd*., 181 F.3d 410, 425 (3d Cir. 1999)).

In *Breslow v. State St. Corp*., No. CV 20-212, (E.D. Pa. Nov. 5, 2020), the district court granted a motion to dismiss on the basis that the claims raised by Plaintiff were time barred but noted that the statute of limitations is usually raised as an affirmative defense that must be pled in a responsive pleading. *Breslow,* 2020 WL 6504546, at *5, *citing,* FED. R. CIV. P. 8(c)(1); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  However, the district court in *Breslow* justified its decision to dismiss its own case on a 12(b)(6) motion, noting that the face of its complaint expressed facts clearly demonstrating how the entire matter was time-barred.  *Id*., citing *Bethel v. Jendoco Constr. Corp*., 570 F.2d 1168, 1174 (3d Cir. 1978).

In *S. Cross Overseas*, the Court of Appeals for the Third Circuit specifically held:

> When the applicability of the statute of limitations is in dispute, there are usually factual questions as to when a plaintiff discovered or should have discovered the elements of its cause of action, and thus "defendants bear a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 498 (3d Cir.1985). If the complaint's allegations, taken as true, allege facts sufficient to toll the statute of limitations, it must survive a motion to dismiss. *See Leone v. Aetna Cas. & Sur. Co.*, 599 F.2d 566, 569 (3d Cir.1979).

181 F.3d at 425.

Nevertheless, in *Rogalski v. Laureate Educ., Inc*., No. 22-3004, (3d Cir. Apr. 11, 2023), the Court of Appeals held that, "Courts may grant a Rule 12(b)(6) motion based on a statute-of-limitations defense when the untimeliness of the plaintiff's claim(s) is apparent on the face of the complaint." *Roglaski,* 2023 WL 2882702, at *3, *citing Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  See also, *Wisniewski* 857 F.3d at 157 (a statute of limitations defense may be raised in a motion under Rule 12(b)(6) where the expiration of the limitations period appears on the face of the complaint); *accord, Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (While the language

of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.); and *Raffinee v. Colvin*, 367 F. App'x. 379, 380 (3d Cir. 2010) (affirming dismissal under Rule 12(b)(6) of Social Security complaint for judicial review as time-barred).

Boiled down, this Court can dismiss the Complaint if it appears from the face of the Complaint that a claim or claims are untimely.

### 2. Statute of Limitations for Each of Plaintiff's Claims

Daimler asserted five claims in its Complaint against Defendant Weng.  ECF 1.

Count One seeks a declaratory judgment from this Court declaring Defendant Weng has no interest in the vehicle in question and that Daimler is the bona fide owner of the vehicle. Actions for declaratory relief do not have their own statute of limitations, but are governed by the period of limitations applicable to the substantive claims underlying the action, *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 181 (3d Cir. 1997), *citing Cope v. Anderson*, 331 U.S. 461, 463–64, 67 S.Ct. 1340, 1341–42, 91 L.Ed. 1602 (1947).

Count Two raises a claim for replevin.  In a replevin action, the two-year statute of limitations does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights. *Fenton v. Balick*, 821 F. Supp. 2d 755, 761 (E.D. Pa. 2011).

Count Three asserts a claim for conversion.  "Under Pennsylvania law, 'a cause of action for conversion does not accrue until there has been a demand for the goods and a refusal to deliver.'" *Fenton supra., quoting, Serafini v. Mariani*, Civ. A. No. 08–4069, 2010 WL 1342926,

at *5 (M.D.Pa. Mar. 31, 2010) (quoting *Dranoff v. Merrill, Lynch*, Civ. A. No. 86–3048, 1986 WL 15014, at *2 (E.D.Pa. Dec. 31, 1986)).

Count Four presents a claim for unjust enrichment.  Under Pennsylvania law, an unjust enrichment claim has a four-year statute of limitations, which "begin[s] to accrue as of the date on which the relationship between the parties is terminated." *Colonial Assur. v. Mercantile & Gen. Reinsurance Co.,* 130 F. App'x 607, 609 (3d Cir. 2005), *quoting Cole v. Lawrence*, 701 A.2d 987, 989 (Pa.Super.Ct.1997).

Count Five alleges tortious interference with respect to its lease agreement for the vehicle at issue. Pennsylvania courts apply the two-year statute of limitations of 42 Pa.C.S.A. § 5524(3) to tortious interference with contractual relations claims. *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc*., 357 F.3d 375, 383 (3d Cir. 2004) (citation omitted). The statute of limitations begins to run when the underlying cause of action accrues. *Id., citing, Bohus v. Beloff*, 950 F.2d 919 (3d Cir.1991) (*citing, Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc*., 503 Pa. 80, 468 A.2d 468 (1983)).

### 2. Substantive Argument for Each of Plaintiff's Claims

#### a. Replevin, Conversion, and Unjust Enrichment Claims: Counts 2-4

As noted above, the United States Court of Appeals for the Third Circuit has repeatedly held that a plaintiff is not required plead compliance with a statute of limitations – after all, proving noncompliance is a burden a defendant bears – but a case can properly be dismissed based on "matters of public record and [when] items appearing in the record of the case reveal that the claims in the Original Complaint" are untimely.  *Pension Trust Fund for Operating Engineers v. Mort. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 271 (3d Cir. 2013).

Turning to the instant case, the two-year statute of limitations does not begin to run until an act by the possessor proves inconsistent with the owner's rights. See *Fenton*, 821 F. Supp. 2d at 761. Under the facts presented in the instant complaint, there have been three possessors of the vehicle in question: (1) Chandler – with whom Daimler had a lease agreement which ran from November 19, 2014 through November 19, 2017; (2) Dancy Auto Group, a business whose operator received a term of imprisonment on March 2, 2018 for mail fraud in connection to the subject vehicle; and (3) Defendant Weng, from whom Daimler most recently demanded the return of the vehicle, via a September 27, 2021 letter. ECF 1: ¶6, ¶11, ¶13.

The complaint indicates that Daimler first became dispossessed of its property – the vehicle – on November 19, 2017, *i.e.,* the "Lease End" date. Id., ¶9, ¶10. Although Daimler did not specifically state "November 19, 2017," within the four corners of its complaint in this action, paragraphs 9, 10, and 19 reference the "Lease End (as the term was defined in the Lease)." The subject lease was attached to a different complaint filed by Daimler in the United States Federal Court for the District of New Jersey. See *Mercedes-Benz Financial Services, USA LLC, in its capacity as servicer for Daimler Trust v. Wilson J. Chandler,* 2:19-cv-15716, at doc. no. 1, p. 14. The "Lease End" date is identified on page one of the lease as November 19, 2017.[3] *Id*.

Daimler's complaint in the instant matter is devoid of any facts which indicate <u>when</u> Daimler learned: (1) that Dancy Auto Group possessed the vehicle, (2) that John Doe #2 came to possess the vehicle; and (3) when it learned that John Doe #2 was Defendant Weng. This gap-

---

[3] The Court may take judicial notice of the lease because Daimler incorporated the lease by reference in its complaint. Judicial notice is appropriate when deciding the instant Motion to Dismiss because "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). Further, this Court may take judicial notice of any adjudicative fact that is generally known within the Court's territorial jurisdiction or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed. Fed. R. Evid. 201(b). The lease is just such a document.

filled timeline cannot support a finding by the Court on the matter of whether the statute of limitations has expired or should be tolled.

The United States Court of Appeals for the Third Circuit in *Pension Trust* reiterated that a plaintiff is not required plead compliance with a statute of limitations, and held that although the district court erred in dismissing the matter for that reason, the matter was properly dismissed because "matters of public record and items appearing in the record of the case reveal[ed] that the claims in the Original Complaint were untimely."  *Pension Trust Fund for Operating Engineers v. Mort. Asset Securitization Transactions, Inc.,* 730 F.3d 263, 271 (3d Cir. 2013).

Daimler's complaint, as pled, is <u>not</u> deficient because it raises legally cognizable claims for replevin, conversion, unjust enrichment, and tortious interference.  However, Weng, through his motions practice, illustrates how Daimler's complaint is devoid of several relevant facts, which, Weng contends demonstrate that these claims have been untimely filed.  Unfortunately, to rule in Weng's favor at this juncture is premature.  Although Rule 1 of the Federal Rules of Civil Procedure states that Rule 12(b)(6) – along with all of the other Federal Rules of Civil Procedure – should be "construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding[,]" to dismiss the Complaint in its entirety at this juncture would violate the law created through the Court of Appeals' decisions discussed above.

Simply stated, based on the complaint filed in this action, along with the other documents this Court may consider as it adjudicates this motion to dismiss, there is simply insufficient evidence to dismiss the claims for replevin, conversion, and unjust enrichment (counts 2 though 4 of the complaint) at this point in time.  Accordingly, the Court will deny the motion to dismiss

with respect to these claims and will also allow the claim for declaratory relief (set forth in count 1 of the complaint) to proceed.

### b. Tortious Interference - Count 5

As noted above, a claim for tortious interference has a two-year limitations period which begins to run when the underlying cause of action accrues.  In Pennsylvania, to prevail on a claim for tortious interference with existing or prospective contractual relationships, a party must prove: (1) the existence of a contractual or prospective contractual or economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; (4) legal damage to the plaintiff as a result of the defendant's conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the defendant's interference. *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc*., 140 F.3d 494, 530 (3d Cir. 1998).

Pennsylvania, unlike some other jurisdictions which consider a justification for a defendant's interference with a contract to be an affirmative defense, "Pennsylvania courts require the plaintiff, as part of his *prima facie* case, to show that the defendant's conduct was not justified." *Acumed LLC v. Advanced Surgical Servs., Inc*., 561 F.3d 199, 214 (3d Cir. 2009), *citing Triffin v. Janssen*, 626 A.2d 571, 574 n. 3 (Pa. Super. 1993) (*citing Thompson Coal* 412 A.2d at 471 n. 7); *Silver v. Mendel,* 894 F.2d 598, 602 n. 6 (3d Cir.1990).

Turning to the facts pled by Daimler in the instant matter, Daimler's allegations fall short of crafting a *prima facie* claim for tortious interference, and further, the background allegations of the complaint illustrate how Weng specifically those set forth in paragraph 11 and 13 of

complaint belie the possibility that <u>Weng</u> took purposeful action(s) to tortiously interfere with Daimler's contract with Chandler.  Daimler states in paragraph 11 of its complaint that Chandler "relinquished possession of the Vehicle to Dancy Auto Group," and in paragraph 13 avers that "Dancy Auto Group sold the Vehicle to [Weng]."   Further paragraph 20 reads, "Daimler, however, has been unable to recover the Vehicle and has not been made whole from the fraud and other criminal conduct of Tyrone Hill and/or Dancy Auto group in selling Weng a Vehicle that they dd not own and had no right to sell."   The lease between Chandler and Daimler expired on November 19, 2017.  Paragraph 21 of the complaint indicates that almost three years later, Daimler "sent a letter to Weng demanding return of the Vehicle."

Based on the facts pled in Daimler's complaint, the chain of custody of the Vehicle in question went from Chandler – a contractual party – to Dancy Auto Group, and eventually to Defendant Weng.  The facts, as pled Daimler, do not support the second element of a tortious interference claim – *i.e.,* that Weng engaged in a purposeful action specifically intended to harm the existing relationship between Daimler and Chandler.

In addition, the Court notes that the complaint alleges that Chandler breached the lease agreement (at the latest) on November 19, 2017, when he did not return the Vehicle or pay for it, and instead, relinquished possession of it to Dancy Auto Group.  Therefore, the latest date that Weng could have tortiously with the Daimler-Chandler contract was November 19, 2017. Thereafter, there was no longer an existing contract between Daimler and Chandler, and thus, no contact with which Weng could tortiously interfere.  *See Woods Corporate Assocs. v. Signet Star Holdings, Inc.,* 910 F.Supp. 1019, 1031 (D.N.J. 1995) ("In order to prove tortious interference with a contract ... there must be an existing contract.").

13

For these reasons Plaintiff's tortious interference claim asserted in count 5 of the complaint will be dismissed with prejudice.

### c. Punitive Damages

Defendant's final request seeks a dismissal of the punitive damages sought by Plaintiff, which this Court will grant.

"[P]unitive damages are aimed at deterrence and retribution[.]" *State Farm v. Campbell*, 538 U.S. 408 (2003). The United States Supreme Court advised reviewing courts to consider three guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." Id. at 409. Citations omitted.

As pled, Daimler's complaint does not allege Weng's conduct was especially egregious, and thereby deserving of a punitive damage award. To the contrary, given Daimler's carefully worded its complaint, it is possible that Weng was justified in his belief that the Vehicle was properly his Vehicle upon his purchase of it from Dancy Auto Group; and that Weng's alleged conduct purportedly brought about economic harm, only – there was no physical harm to any person based on Daimler's allegations. For these reasons, the Court will dismiss the punitive damage claim raised by Plaintiff.

## IV. CONCLUSION

Based on the foregoing law and authority, this Court will GRANT IN PART Defendant's Motion to Dismiss (ECF 13) and will dismiss Count Five of the Complaint as well as Plaintiff's

request for punitive damages.  The Court will DENY the remainder of the Motion without

prejudice.  An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record